PETERSBURG JUDGES OF ELECTION (UNITED STATES v.). See Case No. 16,-036.

PETERSBURG R. CO. (ATKINS v.). See Case No. 604.

PETERSBURG R. CO. (KEPPEL v.). See Case No. 7,722.

PETERSON (BAKER v.). See Case No. 776.

PETERSON v. The JAVA. See Cases Nos. 7,232–7,234.

PETERSON (MILLICK v.). See Case No. 9,-601.

## Case No. 11,036.

PETERSON v. UNITED STATES.

[2 Wash. C. C. 36.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

SHIPPING REGULATIONS—REGISTRATION OF VESSELS—EVIDENCE, OF SALE AND TRANSFER—SPECIAL VERDICT—PROVINCE OF COURT.

1. Information for a breach of the act of congress [1 Stat. 287] for registering and recording ships and vessels of the United States.

2. Upon a special verdict, the court has only to decide the law upon the facts stated, where a difficulty is expressed by the jury upon the facts. But if the jury express a doubt as to a particular point of law, the court can only decide the law upon that point.

[Cited in Garland v. Davis, 4 How. (45 U. S.) 154; U. S. v. Page, Case No. 15,986a.]

3. The mere settlement of an account between parties, one of them being represented by an agent, does not make a contract between the parties, although it may be evidence of a contract.

4. If, in an account settled between parties, an interest in a vessel is debited to one of them, the charge might be evidence to satisfy a jury of the fact of a sale and transfer of the vessel; but it is not in itself a transfer; and the court, if the fact of such account and debit are proved, cannot say there was a transfer of a vessel.

This was an information in the district court, for a violation of the fourth section of the act for registering and recording ships or vessels, &c., passed in 1792, in which the oath stated in the section is set forth; and it is

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

asserted that an alien, viz. Don Bass. Roderigues, a subject of Spain, was, at the time the vessel was registered, interested in her.

The jury found a verdict to the following effect: That Bass. Roderigues, a subject of Spain, held an interest in the ship Phœnix, connected with Peterson, at the time of her purchase, and sailing from New York, in February, 1803. They find a settlement of money concerns, which took place between W. Weissman, the agent of Peterson, and J. S. Spinosa, agent by power of attorney, of Roderigues, on the 20th of January, 1804; when the balance was paid by Weissman to Spinosa (alias Spence.) But the jury doubt respecting the powers of Spinosa, by settlement of an account, to vest the property or right of Roderigues in the Phœnix, in Peterson solely. If, in law, the contracts and powers of attorney enabled Spinosa legally to part with the right of Roderigues in the ship, then the jury find for the defendant; but if they did not so enable Spence, by settlement of an account, legally so to do, then they find for the United States the sum of 7,000 dollars. The two powers are dated on the 23d of June, 1802. One of them grants full power to Spinosa, or Spence, to undertake any contract or negotiation on behalf of Roderigues; he, the said Roderigues, binding himself to make good the appointments at the times and manner stipulated. That whatever contracts may be entered into by the said Spence, he, Roderigues, in like manner will adopt, establish, and ratify; and he engages to fulfil them in the manner stipulated, granting him all necessary power; with an unrestrained and general liberty to act, exempt from the expenses. The other power is more special, and is confined to two objects: First, the collecting all moneys due in the United States to Roderigues; second, to buy a vessel of 300 tons, and make Roderigues responsible for the purchase thereof, or of negroes. On the 6th of July there was a contract entered into between Roderigues and Spence, in which the latter agrees to go to the United States, and to recover all debts there owing to Roderigues, "which are proved by the acknowledgment of bills which he delivers to me, with the respective powers for the recovery of the same, amounting to 11,877 dollars." When said recovery is had, Spence agrees to buy a ship of 300 tons, properly equipped; then to go to the nearest Spanish port, and have her made a Spanish vessel; then to the African coast, and to buy a cargo of negroes, to be purchased with the money received in the United States; then to go to Callao, and dispose of vessel and slaves. One-third of the proceeds to be allowed to Spence for his trouble. If the vessel cannot be bought for want of money, so as that the expedition for negroes shall fail; then said Spence has full power to act in the manner best suited for his return to Lima.

The case was argued by Mr. Dallas for the United States. The jury find that in Febru-

ary, 1803, an alien was interested in this vessel, together with the plaintiff; that a settlement of a money account took place between Peterson and Roderigues; and they doubt only as to the power of Spence in this settlement to transfer the vessel. The contract and power must be considered together, and we find the objects were, to collect debts, buy a vessel, and to carry on the slave trade: but there was no power to sell the vessel, which was in derogation of the whole scheme proposed. The general expressions of one of the powers must be confined by the contract to the slave business. The only mention of a sale of the vessel is at Callao. But independent of the want of power, Spence could not legally transfer, because immediately on the purchase made for an alien, the vessel was forfeited, and the property devested. The transfer even to a citizen, for the purpose of obtaining a register, could only be by bill of sale reciting the old register; and the whole transaction was tinctured with fraud. He cited 3 C. Rob. Adm. 114, 115: 6 East, 144, 145; Id. 427; 4 East, 110; 1 Pow. Cont. 183, 196, 201; 3 Term R. 454; 1 Bos. & P. 297, 554; 6 Term R. 61; Maybin v. Coulon, 4 Dall. [4 U. S.] 298, 308, 269; 3 Caines, 1, 4; 3 Bac. Abr. 295, 97, 98; 7 Bac. Abr. 7, 30.

Ted & Peters, Jr., for plaintiff. The jury find that if the powers and contracts enabled Spence legally to transfer, then they find for Peterson, which is of course finding that the transfer was made. The contract does not appear to have been communicated to Peterson, and therefore is not to be regarded; for a secret power or instructions, will not affect third persons acting under the open power. Poth. Obl. p. 54, a 4, s 79, to Mod. 10, 11. Spence had a power to settle accounts. If Peterson was a trustee for Roderigues for a part of this vessel, and Spence withdrew the funds from Peterson in the settlement on which the purchase had been made, this operation of course revested the property in Peterson. 2 Term R. 666; Wils. 117; Hardr. 115; 1 Wils. 55,—were cited, to show that the court can infer nothing in a special verdict, not found by jury; consequently no part of the charges in the information can be inferred to exist, but those stated in the verdict.

WASHINGTON, Circuit Justice, informed the counsel for the plaintiff in error, that he must confine himself to the question, whether any judgment could be rendered on the verdict; if he should think it worth while to say anything after hearing the observations which would be made by the court.

Upon a special verdict, the court was only to decide the law upon the facts stated. The jury, in such a case, by their general conclusion, express their doubts arising upon all the facts which they state. If instead of making a general conclusion, the jury express a doubt only as to particular points of law, the court has nothing to do but to decide the law upon those points; and the judgment will be rendered for that party in whose favour the jury find, in case the law be with him. Now in this case, the jury declare that the point they doubt is, whether Spence, by settlement of an account, had a power to vest the property or right of Roderigues in the vessel in Peterson; and though in propounding the point of law to be decided by the court, they seem to place it upon the powers of Spence, under the letters of attorney and contract, to retransfer; yet it is obvious, from the whole finding taken together, that the point they meant to submit, referred to the power to transfer by a settlement of accounts.

Now this is a question which it is impossible for the court to answer. The mere settlement of an account does not in itself constitute an agreement, or amount to a contract; though it may be evidence of a contract. If the value of Roderigues' interest in this vessel was debited in that account to Peterson, this might have been evidence to authorize the jury to find the fact of a sale or transfer of the vessel; but it is not a transfer, and therefore the court, who cannot decide except upon facts found, cannot say that there was a transfer in this case. If the jury had, from the evidence, found that fact, then the questions of law might arise which have been debated. This objection to the verdict appearing on the face of it, a venire de novo ought to be awarded.

[For an action against Peterson to recover a premium of insurance effected upon the Phœnix and paid for his benefit, see Case No. 9,601.]

PETERSON (UNITED STATES v.). See Case No. 16,037.